*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Kathryn C. Ferguson, USBJ*                                                                                           *(609) 989-0494*

March 27, 2009

Eric L. Leinbach, Esquire
1603 Butler Street
Easton, PA 18042

Albert Russo, Esquire
1 AAA Drive
Robbinsville, NJ 08691
Standing Chapter 13 Trustee

Mr. David Leroy Beers
61 Rose Street
Phillipsburg, New Jersey 08865

                                        Re:    David Leroy Beers
                                                     Case No. 08-12305
                                                     Hearing Date: January 12, 2009
                                                     Document Number 74

Gentlemen:

       Eric Leinbach, as attorney for the Debtor, David Leroy Beers, seeks fees in the amount of $29,382.00 and expenses in the amount of $593.84 for services rendered in connection with representation in this Chapter 13 proceeding. Of that amount, Mr. Leinbach has been paid the standard fee of $2,000.

       The Chapter 13 Trustee, Albert Russo, objects to the fees requested. Specifically, he objects

that the travel time and rate are excessive, the time charged for legal research is excessive and the fees are disproportionate to the size and complexity of the case. He also suggests that some of the work would be deemed ordinary during the course of a normal Chapter 13 case.

The court has reviewed each time detail entry. Some of the time entries are for services that would ordinarily be encompassed by the standard fee, and the court will make an adjustment on that basis. The "ordinary services" that would ordinarily be encompassed in the standard fee total $3,744. Even giving some latitude for unusual travel time and an apparently less than optimally responsive client, I will still make an adjustment of $1,200 based on the Trustee's objection.

The court will also sustain the Trustee's objection as to excessive time spent on research. There are 23.3 hours billed at $300 per hour for legal research. In addition, there is 14.3 hours at the same rate billed to the related task of drafting and editing a brief. The research did not concern particularly difficult, novel or complex issues. Some of the time entries contained only the clearly insufficient words "legal research" by way of description. The amount of time and attention claimed to have been lavished on this research and brief are excessive for an attorney worthy of a $300/hour billing rate. The brief submitted could easily have been prepared for approximately half the fee requested. The total sought for research and brief preparation is 11,200. I'm going to reduce that by $6,200.

The Trustee also objects that the amount of time billed to travel is excessive. It is entirely unclear why a Chapter 13 debtor would select an attorney with offices at such an apparently great physical distance from the courthouse. Nonetheless, it does not appear that any of the appearances for which Mr. Leinbach is seeking compensation were unnecessary or avoidable. In at least one instance, the travel time was apportioned between two clients. Although it is troubling that creditors

will, in effect, have to pay for Mr. Beers's choice of physically remote counsel, he is entitled to counsel of his choice unless that choice is clearly unreasonable. This was not. The court will overrule the Trustee's objection as to travel.

Finally, the Trustee objects that the fee sought is disproportionate to the size and complexity of the case. On some level, this is clearly true. It must be noted, however, that a portion of the fees sought is attributable to the attempt to unravel a longstanding payment dispute that appears to span several bankruptcy filings. It is also true, as noted in this court's March 3, 2009 opinion, that the manner in which the attorney for the disputed claimant conducted itself added to the time necessarily spent by all counsel. Although the court declined to impose sanctions for the reasons set forth in that opinion, the fact remains that Mr. Leinbach was forced to spend time that might not otherwise have been necessary. The fact also remains that the manner in which Mr. Leinbach conducted himself in the face of such an adversary did not help the situation. I will make an adjustment here of $2,000.

I will therefore enter an order awarding fees in the amount of $19,982 and expenses as requested at $593.84, offset by the $2,000 payment already received.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge